UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARGARET WILSON                                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:16-CV-71-DPJ-LRA

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY                                                          DEFENDANT

ORDER

Plaintiff Margaret Wilson contests the Social Security Administration's finding that she is not disabled. Wilson raises four points of error, all of which the magistrate judge thoroughly addressed in a well-researched Report and Recommendation [15]. While the Court adopts that recommendation in its entirety, it will offer a few additional thoughts.

As a general matter, this is one of those cases that leaves a bitter taste. The Court conducted an exhaustive review of the record as a whole and admittedly was left with different conclusions than those the ALJ adopted. But as the magistrate judge correctly noted, the Court may "not re-weigh the evidence, try the questions *de novo,* or substitute [its] judgment for the Commissioner's, even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). This standard exists for a reason. The undersigned is limited to a cold record and was not present to see Plaintiff and hear her testimony. Ultimately, the ALJ applied the correct legal standards, and for the reasons stated in the Report and Recommendation, substantial evidence supported her conclusions. The decision must therefore be affirmed.

More substantively, there are two objections the Court will further address. First, Wilson says the ALJ improperly weighed her credibility, failing to account for her "pain disorder." At

Step Three of the sequential analysis, the ALJ included "pain disorder" among the severe impairments that had been established. *See* Rec. [8] at 16.[1] But at the next step, the ALJ concluded that this disorder did not meet or medically equal the severity of the impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. More specifically, it did not meet or medically equal the requirements of 12.07 (somatoform disorder). *Id.* at 17. Moving to Step Five, the ALJ concluded that Wilson suffers pain, "however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* at 20.

In her objections, Wilson suggests that she has somatoform disorder. "The basic feature of somatoform disorders is the presence of physical symptoms for which there are no demonstrable organic findings." *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994) (citing 20 C.F.R. subpt. P, app. 1, § 12.07 (1994)). She then says: "[A]n ALJ may not find that a claimant with somatoform disorder lacks credibility because the symptoms are not supported by objective medical data." Pl.'s Obj. [16] at 5.[2]

That general statement is somewhat true. In *Latham v. Shalala*, there was evidence that the claimant (Latham) might have somatoform, yet the ALJ dismissed his complaints of pain because "Latham's physical ailments were not serious." 36 F.3d at 484. The Fifth Circuit found that the ALJ should have complied with 20 C.F.R. § 404.1529(b) and investigated the possibility that the "pain symptoms existed as a result of the disorder." *Id.*

---

[1] All record cites reference CM/ECF numbering.

[2] The Court will assume for purposes of this Order that "pain disorder" is synonymous with somatoform, though there was no finding of somatoform.

Wilson never cites *Latham* and does not suggest that the ALJ failed to follow

§ 404.1529.  Indeed, the ALJ expressly states that she did.  *See* Rec. [8] at 19.  And this is not a

case where the ALJ failed to acknowledge the possible effects of a mental disorder that induces

otherwise unexplained pain.  As noted, the ALJ found that Wilson has "pain disorder," *id.* at 16,

credited her subjective complaints of pain to some extent, *id.* at 20, but found that the "intensity,

persistence, and limiting effects of these symptoms are not *entirely* credible," *id.* (emphasis

added).

The ALJ reached that conclusion based on more than just the lack of physical findings

that might account for the pain.  First, the ALJ recognized her duty to consider the "physical or

mental impairment(s) that could reasonably be expected to produce the claimant's pain" before

making a credibility determination.  *Id.* at 19.  She then noted that the credibility determination

must be "based on a consideration of the entire case record."  *Id.*  The ALJ then cataloged the

claimant's history, noting, *inter alia*, instances where she "did not demonstrate any pain

behaviors."  *Id.* at 22.  The ALJ also noted "numerous inconsistencies undermining credibility."

*Id.* at 23.  Ultimately, the ALJ concluded Wilson's complaints of disability were "less than fully

credible," noting "the degree of symptoms and limitations alleged by the claimant due to pain is

not consistent with the objective medical evidence regarding these impairments, or her functional

ability, including her statements about her daily activities."  *Id.* at 24.[3]

Other district courts within the Fifth Circuit have faced similar cases, where the ALJ

considered the effects of somatoform or "pain disorders," but based on other substantial evidence

concluded that the claimant's pain complaints were not entirely credible.  Those courts have

---

[3] The Report and Recommendation goes into greater detail regarding the record supporting the
credibility finding.

affirmed the commissioner.  *See, e.g.*, *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *5–6 (N.D. Tex. Mar. 26, 2014) (finding that ALJ did not ignore somatoform disorder because credibility finding was "[b]ased on all the evidence" including claimant's "reports of her daily activities"); *Downing v. Astrue*, No. 2:11-CV-0170, 2012 WL 4354928, at *12–14 (N.D. Tex. Sept. 7, 2012), *report and recommendation adopted*, No. 2:11-CV-0170, 2012 WL 4354915 (N.D. Tex. Sept. 24, 2012) (recommending affirmance and noting that ALJ acknowledged somatoform but found complaints inconsistent with evidence found in medical records regarding complaints of pain along with other evidence); *Cromwell v. Astrue*, No. 4:10-CV-061-Y, 2011 WL 666282, at *4–6 (N.D. Tex. Jan. 21, 2011), *report and recommendation adopted*, No. 4:10-CV-061-Y, 2011 WL 666279 (N.D. Tex. Feb. 14, 2011) (recommending affirmance and noting that ALJ considered inconsistencies between pain complaints and claimant's "daily activities").  For these reasons, and those addressed in the Report and Recommendation, the Court finds that this objection should be rejected.

The only other point that merits brief attention relates to the alternative-work finding. One of the jobs the ALJ identified was storage rental clerk.  Rec. [8] at 26.  In her objections, Wilson says the ALJ reached a conflicting result because that job would require reasoning level three, whereas the ALJ restricted Wilson to "simple routine tasks."  Pl.'s Obj. [16] at 7 (citing Rec. [8] at 18).  This Court has previously addressed this issue, holding that a residual functioning capacity "limited to simple work or tasks is not necessarily inconsistent with level-three reasoning."  *Ruffin v. Colvin*, No. 3:16CV18-DPJ-FKB, 2017 WL 536549, at *4 (S.D. Miss. Feb. 8, 2017).  For this, and the other reasons more thoroughly addressed in the Report and Recommendation, this objection is likewise rejected.

The Court has considered all arguments raised by Wilson in her objection; those not addressed would not have changed the outcome. The Court finds that the Report and Recommendation [15] should be adopted as the opinion of the Court; Wilson's motion for summary judgment [10] is denied; and the Commissioner's motion to affirm [12] is granted. The decision of the Commissioner is affirmed, and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE